FILED
SUPERIOR COURT
OF GUAM

2018 FEB 20 AM 10: 14

CLERK OF COURT

By:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| VIVIAN ULLOA MCCURDY,<br><br>PLAINTIFF,<br><br>vs.<br><br>CHAMORRO EQUITIES, INC.,<br><br>DEFENDANT. | CIVIL CASE NO.: CV0632-17<br><br>**DECISION AND ORDER**<br>(Defendant's Motions [1] to Dismiss or in<br>the Alternative for Summary Judgment,<br>and [2] for Sanctions) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on November 22, 2017 on Chamorro Equities, Inc.'s ("CEI" or "Defendant") Motions to Dismiss or in the Alternative for Summary Judgment, and for Sanctions. Attorney Daniel J. Berman appeared on behalf of CEI. Vivian Ulloa McCurdy ("Plaintiff") was represented by Attorney Jacqueline Taitano Terlaje. At the conclusion of the hearing on the Motions on November 22, 2017, the Court took both motions under advisement. Upon review of the written and oral arguments, and legal authorities presented by the Parties, the Court hereby **DENIES** the Defendant's Motion to Dismiss or in the Alternative for Summary Judgment, and finds the Defendant's Motion for Sanctions to be **MOOT**.

///

///

**ORIGINAL**

CV0632-17 McCurdy vs. Chamorro Equities, Inc.,
DECISION AND ORDER (Def's Motions to Dismiss or in the Alternative for Summary
Judgment, and for Sanctions)

Page 1 of 11

## BACKGROUND

The Plaintiff filed the Complaint in this matter on July 3, 2017. In the Complaint, the Plaintiff alleges that her sister Lucy P. Ulloa is the owner of a residence in Agana Heights ("Agana Heights Residence"). Compl. ¶¶ 4, 6.[1] Plaintiff further alleges that, toward the end of her life, Lucy was subject to guardianship proceedings, and a guardianship over her person continued from the initial appointment in 2005, until Lucy's death in 2014. Id. at ¶ 9.

The Plaintiff alleges that Lucy and her siblings: Esther Thompson, Priscilla Hartwick, Alvin Ulloa, Paul Ulloa, George Ulloa, and Vivian McCurdy, were the shareholders of CEI in 1987. Id. at ¶ 13. Lucy owned approximately 108,300 shares in CEI. Id. at ¶ 10. Additionally, the shareholders allegedly agreed that each sibling would receive a dividend of three hundred seventy-five thousand dollars ($375,000.00). Id. However, in lieu of a cash dividend, the Plaintiff alleges CEI agreed to convey separate portions of Lot 3307 to Paul D. Ulloa and Lucy for each to construct a home. Id.[2] The Plaintiff alleges the other sibling-shareholders, besides Lucy and Paul, received the cash dividend. Id. at ¶ 12.

CEI allegedly reaffirmed the Shareholder's Agreement, and that Lucy owned the Agana Heights Residence, in March 1990 during an Annual Meeting, and again in October 2011 by Resolution of its Board of Directors and Consent to Action without Meeting. Id. at ¶¶ 17-18. Plaintiff next alleges that on October 13, 2013 CEI, purportedly in accordance with the Shareholders Agreement with Paul, conveyed and transferred real property to Walter D. Ulloa and Frederick M. Ulloa, as the Co-Guardians of the Person and Estate of Paul Ulloa. Id. at ¶ 19. Finally, the Plaintiff alleges that as an heir of the Estate of Lucy, she is entitled to partial ownership of the Agana Heights Residence. Id. at ¶ 24.

---

[1] The Complaint alleges that Lucy is the owner of the building, and an owner of a portion of the real property on which the building is located. The real property is: Lot 3307-2-R1, Agana Heights Municipality of Sinajana, as said lot is drawn on Survey map Parceling of Lot 307-2, Map Drawing No. 192FY2010, and recorded with the Department of Land Management under Instrument No. 809803, containing an area of approximately ± 16,554 sq. meters. Compl. ¶ 6.

[2] Plaintiff refers to this purported agreement as the 'Shareholders Agreement,' and for clarity the Court will similarly refer to the alleged agreement as the Shareholders Agreement. The Court makes no ruling on the validity, existence, or enforceability of the Shareholders Agreement, as this time.

CV0632-17 McCurdy vs. Chamorro Equities, Inc.,
DECISION AND ORDER (Def's Motions to Dismiss or in the Alternative for Summary Judgment, and for Sanctions)

Page 2 of 11

However, Plaintiff alleges that in July 2015, CEI inconsistent and in contravention of the Shareholders Agreement, asserted ownership of the Agana Heights Residence and demanded payment of rent from Plaintiff and her husband, Richard McCurdy, following the death of Lucy in 2014. Compl. ¶ 20. Then on October 26, 2016 and April 10, 2017, Defendant allegedly filed unlawful detainer actions against Plaintiff asserting ownership of the Agana Heights Residence. Id. at ¶¶ 21-22. Finally on May 31, 2017, Defendant caused a notice to surrender possession to be delivered to the Plaintiff. Id. at ¶ 23. The Plaintiff thus initiated this action to quiet title to the Agana Heights Residence, for Fraud against CEI, and for Constructive Trust.

CEI filed the instant motion at issue, to dismiss or in the alternative for summary judgment, on August 30, 2017. Defendant attached a Declaration of Gerald Hartwick, to the motion.[3] The Plaintiff filed an Opposition to motion on September 29, 2017. The Plaintiff similarly attached a Declaration of Richard McCurdy in support of the Opposition.[4] CEI replied to the Plaintiff's Opposition on October 13, 2017. CEI also filed a Motion for Sanctions on September 6, 2017. Plaintiff filed an Opposition to that Motion on September 29, 2017. CEI replied to the Opposition on October 18, 2017. The Court held a hearing on both Motions and took both matters under advisement on November 22, 2017.

## DISCUSSION

As noted above, there are two motions currently before the Court. The Court addresses each motion separately below.

///

[3] Mr. Hartwick's declaration also references the following attachments: Exhibit A: a true and correct copy of a Warranty Deed for Lot No. 3307-2-R-1; Exhibit B: a true and correct copy of a Title Report, dated September 16, 2011; Exhibit C: a true and correct copy of an Order After Hearing to Deposit Deed, dated March 10, 2016; Exhibit D: a true and correct copy of an Order After Hearing re: Motion to Dismiss Petition, dated March 21, 2016; Exhibit E: a true and correct copy of a Decision and Order re: Appointment of Public Guardian as Administrator of the Estate, dated August 18, 2016; and Exhibit F: a true and correct copy of an Order After hearing filed May 16, 2017.

[4] Mr. McCurdy's declaration references the following attachments: Exhibit 1: Minutes of the 1990 Annual Meeting of Shareholders; Exhibit 2: Shareholders Meeting [sic] held on December 2-3, 1997; Exhibit 3: Board of Directors' Meeting held on March 4-6, 1998; Exhibit 4: CEI's document references, from February 29, through March 3, 1999; Exhibit 5: Map of Lot No. 3307-2-1; Exhibit 6: a true and correct copy of CEI Resolutions of the Board of Directors and Consent to Action Without Meeting; Exhibit 7: a true and correct copy of a Grant Deed; Exhibit 8: true and correct copy of the Answer of an Estate, filed on April 9, 2015; Exhibit 9: spreadsheets of shareholder distributions for the period of November 1987 to December 2007; and Exhibit 10: Correspondence from Attorney John Terlaje.

CV0632-17 McCurdy vs. Chamorro Equities, Inc.,
DECISION AND ORDER (Def's Motions to Dismiss or in the Alternative for Summary Judgment, and for Sanctions)

Page 3 of 11

## I. Defendant's Motion to Dismiss or in the Alternative for Summary Judgment.

CEI seeks dismissal of the entire complaint under Rule 12(b)(6) of the Guam Rules of Civil Procedure ("GRCP"), or in the alternative summary judgment in its favor on all causes of action under Rule 56 of the GRCP. Def's Mot. Dismiss or Alternative Summ. J. 1 (Aug. 30 2017). CEI first argues that Plaintiff has no standing to bring the action to quiet title in the Complaint. Id. at 8. CEI then argues that Plaintiff has no ownership interest in the Agana Heights Residence because CEI is the "true and recognized owner of the Agana Heights Residence." Id. at 9-10. Finally, CEI argues that the "Agana Heights Residence was never conveyed to Plaintiff or the Estate." Id. at 10.

In Opposition, the Plaintiff argues that as an heir to the estate of Lucy, Guam law confers statutory standing to seek a determination of conflicting interests in real property. Pl's Opp'n to Mot. Dismiss or Alternatively Summ. J. 1 (Sept. 29, 2017). Further, the Plaintiff argues "assuming the truth of the allegations set forth in the Complaint, the Shareholders Agreement granted an interest in Lucy's House [the Agana Height's Residence], irrespective of the failure of conveyance, and CEI's assertion of a conflicting interest in Lucy's House, creates an adverse interest which may be independently instituted and maintained by an Heir of Lucy." Id. at 3. Finally, the Plaintiff objects to the Court's consideration of extrinsic evidence outside of the pleadings. Id. at 4

CEI also adds several arguments for dismissal or summary judgment in its Reply. In CEI's Reply to the Plaintiff's Opposition, CEI argues Plaintiff's quiet title claim is barred by the catchall statute of limitations at 7 GCA § 11312. Def's Reply in Supp. Mot. Dismiss or Alternative Summ. J. 3-4 (Oct. 13 2017). CEI similarly argues that Plaintiff's fraud claim is barred by the applicable statute of limitations at 7 GCA §11305(4). Id. at 6. CEI also adds the argument that Plaintiff has not plead her fraud claim with sufficient particularity under Rules 9 and 12 of the GRCP and thus the fraud claim is barred as a matter of law. Id. at 7-9. Finally, CEI argues that Plaintiff incorrectly pleads constructive trust as a separate cause of action, instead of as a remedy. Id. at 10.

The Court first notes the impropriety of raising arguments for the first time only in Reply to an Opposition to a motion. The Ninth Circuit has held that federal trial courts "need not consider arguments raised for the first time in a reply brief." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir.

CV0632-17 McCurdy vs. Chamorro Equities, Inc.,
DECISION AND ORDER (Def's Motions to Dismiss or in the Alternative for Summary Judgment, and for Sanctions)

Page 4 of 11

2007). The Court finds that raising arguments only in a reply deprives the non-movant of the opportunity to respond to the arguments in writing, which is what occurred with the several arguments raised by CEI in its Reply to the Plaintiff's Opposition here. The Plaintiff's moving papers did not address the new arguments raised for the first time in the CEI's Reply. Therefore, the Court declines to address the arguments raised for the first time in CEI's Reply.

Further, the Court finds that the arguments raised in Reply by the Defendant demonstrate two things. First, the factual record in this matter can be further developed to inform the parties of which material facts are at issue and which are undisputed. Second, and related to the first, the Court finds the fact that the new arguments were raised in reply demonstrates to the Court that conversion of the Motion from a motion to dismiss under Rule 12(b)(6) to a motion for summary judgment under Rule 56 of the GRCP is inappropriate, as explained further below.

Rule 12(b) of the GRCP provides in relevant part,

"How Presented. Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is provided, except that the following defenses may at the option of the pleader be made by motion . . .

(6) failure to state a claim upon which relief can be granted . . .

. . . If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56."

Guam R. Civ. P. 12(b)(6) (2014). The language in GRCP 12(b) is substantially similar to the language of Rules 12(b) and 12(d) of the Federal Rules of Civil Procedure ("FRCP"), thus federal cases interpreting the Federal Rule counterparts are highly persuasive to this Court's analysis of GRCP 12(b). See Guam R. Civ. P. 12(b); cf. Fed. R. Civ. P. 12(b), 12(d) (2016); see also Sumitomo Constr. Co. v. Zhang Ye, Inc., 1997 Guam 8 ¶ 17 (reasoning "[g]enerally when a legislature adopts a statute which is identical or similar to one in effect in another jurisdiction, it is presumed that the adopting jurisdiction applies the construction placed on the statute by the originating jurisdiction").

CV0632-17 McCurdy vs. Chamorro Equities, Inc.,
DECISION AND ORDER (Def's Motions to Dismiss or in the Alternative for Summary Judgment, and for Sanctions)

Page 5 of 11

When confronted with a motion to dismiss under Rule 12(b)(6), a court may not consider extraneous materials outside the pleadings. See Core Tech Intern. Corp. v. Hanil Engineering & Const. Co., Ltd., 2010 Guam 13 ¶ 29 (reasoning if such extraneous materials are considered, the motion "must be converted into a Rule 56 Motion for summary judgment"); see also Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001) (reasoning as a general rule a trial court "may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion"). Thus, in ruling on a Rule 12(b)(6) motion, "a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies." Id. at ¶29 (citing Mercado Arocho v. United States, 455 F. Supp. 2d 15, 19 (D.P.R. 2006)).[5]

### a. Whether Defendant's Motion should be converted to a Motion for Summary Judgment?

The mere filing of extraneous material by attaching such material to a motion to dismiss does not convert the motion to a motion for summary judgment. North Star Int'l v. Arizona Corp. Comm'n., 720 F.2d 578, 582 (9th Cir. 1983). The trial court has the discretion to decide whether or not to convert a motion under 12(b)(6) to a motion for summary judgment. See Trans-Spec. Truck Service, Inc. v. Caterpillar Inc., 624 F.3d 315, 321 (1st Cir. 2008).

---

[5] The Supreme Court of Guam has recognized at least one exception to the general. A court may consider extraneous material if the material relied on "is so integral to the plaintiff's complaint that it is dispositive of the issue, and the plaintiff can be said to have necessarily relied on it." Newby v. Gov't of Guam, 2010 Guam 4 ¶ 15 (2010). Other courts also recognize a general exception for judicial notice of facts extraneous to the pleadings "that are not subject to reasonable dispute because either: (1) they are readily known within the trial court's territorial jurisdiction; or (2) they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Seismic Structural Design Associated, Inc. v. Gensler, No. CV11-04472 SJO (SSx), 2012 WL 12883817, at *3 (C.D. Cal. Feb. 16, 2012) (citations omitted). Finally, another exception recognized by some courts is those materials extraneous to the pleadings that are incorporated by reference, which contemplates situations where "the complaint necessarily relies upon a document or the contents of the document are alleged in the complaint; the documents authenticity is not in question; and there are no disputed issues as to the document's relevance." Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). However, this exception, often referred to as the doctrine of incorporation by reference, is construed narrowly by courts and is "not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment. Seismic Structural Design Associated, Inc., 2012 WL 12883817, at *3. Plaintiff only advances a theory of judicial notice for certain decisions and orders entered by other Courts in the unlawful detainer actions and a related probate action. Def's Mot. Dismiss or Alternative Summ. J. 9-10 (Aug. 30, 2017). However, the Court notes, "[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in other litigation, but rather to establish the fact of such litigation and related findings." Global Network Communications, Inc. v. City of New York, 458 F.3d 150, 156 (2d Cir. 2006) (citing Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998)). Thus to the extent CEI asks this Court to accept the truth of the matters asserted in the court documents attached to the Hartwick declaration, the Court finds such action is inappropriate at the 12(b)(6) stage.

CV0632-17 McCurdy vs. Chamorro Equities, Inc.,
DECISION AND ORDER (Def's Motions to Dismiss or in the Alternative for Summary Judgment, and for Sanctions)

Page 6 of 11

Courts that have declined to convert a motion under Rule 12(b)(6) to a motion for summary judgment have cited to the lack of an answer being filed, and the fact that no discovery has taken place. See Williams v. County of Alameda, 26 F. Supp. 3d 925 (N.D. Cal. 2014) (declining to convert defendant's 12(b)(6) motion to dismiss to a motion for summary judgment "[g]iven the relatively early stage of th[e] litigation . . ." and finding the "evidence submitted by Defendants is more appropriately considered after the parties have had an opportunity to fully develop the factual record"); see also Beng Soon Lim v. Harvest Intern. Realty, Inc., No. 08-Cv-3505 (DRH)(WDW), 2009 WL 4110382, at *3 n.1 (E.D. N.Y. Nov. 23, 2009) (declining to convert a 12(b)(6) motion into one for summary judgment, and thus declining to consider material extraneous to the pleadings, "given that discovery has not been completed and Answer ha[d] not been filed").

Here, the Court finds, similar to the Courts in Williams and Beng Soon Lim that an Answer has not been filed in this matter, and it is still relatively early in litigation as little or no discovery has taken place. Further, the Court finds to the extent new arguments were raised by CEI in its Reply Brief, as discussed above; the Plaintiff did not have sufficient opportunity to respond to the new arguments and thus conversion into a dispositive motion on the merits would be patently unfair.

Further due to the type of claims here, the Court will not convert the Defendant's motion to a motion for summary judgment. Because Plaintiff advances a theory of fraud, the Court finds discovery can assist the parties in determining the extent of the fraud, if any, and can better inform the Court and the Parties of the merits of Plaintiff's claims.

Thus, the Court expressly disavows any reliance on the Declarations filed in support of Defendant's Motion and Plaintiff's Opposition, and the sixteen exhibits attached thereto. The Court will only consider the pleadings and addresses the instant matter as a motion to dismiss under Rule 12(b)(6) of the GRCP.

### b. Whether Plaintiff's Complaint Fails to State a Claim for Which Relief Can Be Granted?

The Supreme Court of Guam has held, Guam law "requires only notice pleading, not fact pleading." Ukau v. Wang, 2016 Guam 26 ¶ 21 (citing Joseph v. Guam Bd. of Allied Health Exam'rs, 2015 Guam 4 ¶ 9)). Thus, under Rule 12(b)(6) of the GRCP, dismissal is appropriate when it appears

CV0632-17 McCurdy vs. Chamorro Equities, Inc.,
DECISION AND ORDER (Def's Motions to Dismiss or in the Alternative for Summary Judgment, and for Sanctions)

Page 7 of 11

"beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Lujan v. J.L.H. Trust, 2016 Guam 24 ¶ 12 (citing Conley v. Gibson, 355 U.S. 42, 45-46 (1957)). In ruling on a motion to dismiss, the court must ". . . construe the pleading in the light most favorable to the non-moving party and resolve all doubts in the non-moving party's favor." First Hawaiian Bank v. Manley, 2007 Guam 2 ¶ 9 (internal citations omitted).

**c. Plaintiff's Action to Quiet Title**

In an action to quiet title, "it is sufficient to allege in simple language that the plaintiff is the owner and in possession of land and the defendant claims an interest therein adverse to him." South Shore Land Co. v. Petersen, 226 Cal. App. 2d 725, 739-740 (Cal. Ct. App. 1964); see also Williams v. City and County of San Francisco, 24 Cal. App. 2d 630, 633 (Cal. Dist. Ct. App. 1938).

Here Plaintiff alleges Lucy possessed the Agana Heights Residence until 2014, and the Plaintiff has been in possession since. Compl. ¶¶ 6, 8, 16. Further, Plaintiff asserts that Lucy was the owner of the Agana Heights Residence, by virtue of the Shareholder's Agreement. Id. at 11. The Plaintiff has thus plead facts which give notice to CEI, that Plaintiff, as an heir of Lucy alleges an ownership interest in the Agana Heights Residence. Id. at ¶¶ 4, 6, 8. The Court finds whether Plaintiff alleges she is the full owner or a 1/7th owner is of no consequence. Finally, the Complaint alleges that Defendant has demanded rent from Plaintiff, initiated two unlawful detainer actions against Plaintiff, and served a notice to surrender possession on the Plaintiff. Id. at ¶¶ 20-24.

These allegations of fact establish the cause of action to quiet title, [1] the Plaintiff has possession of land; has put forth facts which, if proved would [2] render her an owner of the Agana Heights Residence; and CEI's alleged actions demonstrate [3] CEI claims an interest adverse to the Plaintiff's purported interest. Thus under the standard set out by the Supreme Court of Guam, CEI has notice of the claims raised by the Plaintiff. Further, the Court finds that if the Plaintiff proves the facts alleged in the Complaint, she would be entitled to a 1/7th interest in the Agana Heights Residence. Thus, the Court finds the claim for quiet title is sufficient under Ruel 12(b)(6).

The Court does note CEI states several times words to the effect that "neither Plaintiff nor the Estate have an ownership interest in the Agana Heights Residence." Mot. Dismiss or Alternative

CV0632-17 McCurdy vs. Chamorro Equities, Inc.,
DECISION AND ORDER (Def's Motions to Dismiss or in the Alternative for Summary Judgment, and for Sanctions)

Page 8 of 11

Summ. J. 8 (Aug. 30, 2017). The Court notes this argument is a dispositive argument which goes to the merits of the action and not to whether CEI has sufficient notice of the claims raised by Plaintiff. Thus the Court finds that such argument is better left to disposition on the merits with a more developed factual record.

CEI also argues that Plaintiff does not have standing to bring the action to quiet title in the Agana Heights Residence because. Def's Mot. Dismiss or Alternative Summ. J. 8-9 (Aug. 30, 2017). In Opposition Plaintiff argues she is an heir, and under Guam Law has standing to seek a determination of a conflicting interest in real property. Pl's Opp'n to Mot. Dismiss or Alternatively Summ. J. 1 (Sept. 29, 2017).

The Court finds that Guam law provides "[a]n action may be brought by *any person* against another who claims an estate or interest in real or personal property, adverse to him . . . ." 21 GCA § 25101 (2017) (*emphasis added*). Guam law further provides "[a]*ny of the heirs* or devisees may themselves, or jointly with the personal representative, institute and maintain an action for the possession of the real property, or for the purpose of quieting title to the same, against anyone except the personal representative, but they are not required to do so." 15 GCA § 2205(d) (2017) (*emphasis added*). This statute contains language similar to Section 9654 of the California Probate Code. See Cal. Prob. Code § 9654 (West) (2017) ("The heirs or devisees may themselves, or jointly with the personal representative, maintain an action for possession of property or to quiet title to property against any person except the personal representative").

In a footnote, CEI argues that to fall under 15 GCA § 2205, an heir is required to plead special circumstances. Def's Reply to Opp'n to Mot. Dismiss or Alternative Summ. J. at 3 n. 1 (Oct. 13, 2017); see also Olson v. Toy, 46 Cal.App.4th 818, 823-24 (Cal. Ct. App. 1996). CEI cites to Olson for the conclusion that Plaintiff does not present special circumstances here. Id.

In Olson the court found special circumstances existed where the decedent's heirs or beneficiaries sought to invalidate a trust, arguing the defendants used undue influence and took advantage of the decedent's senility to induce her to execute a trust in their favor. Id. The court found on the Decedent's death, the right to bring an action to invalidate the trust vested in the

CV0632-17 McCurdy vs. Chamorro Equities, Inc.,
DECISION AND ORDER (Def's Motions to Dismiss or in the Alternative for Summary Judgment, and for Sanctions)

Page 9 of 11

decedent's personal representative. Id. However, the Court found the personal representative was also a trustee of the trust and was a named defendant. Id. Thus the court reasoned special circumstances existed because the heirs and beneficiaries could not expect the defendant, who was also the personal representative, to seek invalidation of the trust where she was also the trustee.

Here the Court finds Plaintiff does present special circumstances. First, as alleged in the pleadings, Plaintiff is in possession of the Agana Heights Residence and has been since Lucy's death in 2014. Compl. ¶¶ 15-16. Second, Lucy was in possession prior to her death in 2014, and further according to the Complaint was subject to Guardianship proceedings during the latter part of her life from 2005 through 2014. Compl. ¶ 9, 16. Further, since 2014 and notably after Lucy's death, according to the Complaint, CEI has acted contrary to the alleged agreement and attempted to seek rent from the Plaintiff, initiated two unlawful detainer actions against the Plaintiff, and finally served a notice of eviction on the Plaintiff. Id. at ¶¶ 20-24. Based on these facts, the Court finds that the Plaintiff is the only party asserting Lucy's alleged interest, and Plaintiff's alleged 1/7th interest in the Agana Heights Residence.

Unless CEI demonstrates Plaintiff's claims are meritless rendering her ownership interest non-existent, in light of the broad language of both statutes and the lack of the Guam Supreme Court's interpretation of the statutes, the Court will find that because the allegations sound in fraud, they are sufficient to present special circumstances. The facts concerning the current shareholder makeup of CEI and the status of Lucy's estate are not before the Court at this time, thus for the purposes of Rule 12(b)(6), the Court finds the Plaintiff's allegations in the Complaint are sufficient to confer statutory standing under both 21 GCA § 25101 and 15 GCA § 2205(d).

Therefore, addressing those arguments raised by CEI in the initial motion to dismiss or in the alternative for summary judgment, which the Plaintiff had an opportunity to respond to, the Court finds Plaintiff's claims in the Complaint give notice to CEI of facts that if proven, would entitle the Plaintiff to the relief sought. Thus the Court **DENIES** CEI's Motion to Dismiss or in the Alternative for Summary Judgment.

///

CV0632-17 McCurdy vs. Chamorro Equities, Inc.,
DECISION AND ORDER (Def's Motions to Dismiss or in the Alternative for Summary Judgment, and for Sanctions)

Page **10** of 11

## II. Defendant's Motion for Sanctions.

Finally, CEI brings the Motion for Sanctions under Rule 11 of the GRCP. CEI argues the Complaint "improperly asserts that the Estate of Lucy P. Ulloa is the true and lawful owner of the [Agana Heights Residence]." Def's Mot. for Sanctions 1 (Sept. 6, 2017). Additionally CEI argues the Complaint "improperly alleges the Plaintiff has standing and would be entitled as an heir of the Estate to a distribution which would include the Agana Heights Residence." Id. The Court has found that Plaintiff's Complaint states facts that, if proven, would entitle the Plaintiff to relief, that is a $1/7^{th}$ ownership interest in the Agana Heights Residence. See supra at pp. 8-9. Further, the Court has found that Plaintiff has standing to bring the action to quiet title under applicable Guam statutes. Id. Thus the Court finds Defendant's Motion for Sanctions under Rule 11 of the GRCP to be **MOOT**.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** the Defendant's Motion to Dismiss or in the Alternative for Summary Judgment, and finds the Defendant's Motion for Sanctions to be **MOOT**.

A **Status Hearing** is set for: **Thursday, March 8, 2018** at **10:00 a.m.**.

FEB 2 0 2018

**SO ORDERED** _____.

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
acknowledge that a copy of the
original hereto was placed in the
court box of:

Berman
2/20/18 10:20 am

Jerimie K.C. James
Deputy Clerk, Superior Court of Guam

CV0632-17 McCurdy vs. Chamorro Equities, Inc.,                    Page 11 of 11
DECISION AND ORDER (Def's Motions to Dismiss or in the Alternative for Summary
Judgment, and for Sanctions)